IN RE APPEAL OF THE LITTLE PRINTING COMPANY, [INC.], APPELLANT; OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE.

(No. 80AP-612—Decided November 13, 1980.)

*McCulloch, Felger, Fite & Gutmann Co., L.P.A.,* and *Mr. Jack L. Neuenschwander,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Paul C. Koscik,* for appellee.

MOYER, J. This matter is before us on the appeal of the appellant, The Little Printing Company, Inc., from a judgment of the Court of Common Pleas of Franklin County dismissing, for want of prosecution, appellant's appeal from an order of the Ohio Bureau of Employment Services.

On December 6, 1979, appellant filed an appeal in the Court of Common Pleas of Franklin County appealing a decision of the Board of Review, Ohio Bureau of Employment Services, which affirmed the OBES (Ohio Bureau of Employment Services) contribution rate for appellant for the year 1979. Ap-

pellant admits that the only brief it filed in the Court of Common Pleas is the brief that it filed with the Board of Review and which was a part of the record certified on appeal. On July 29, 1980, the trial court, without notice to appellant, dismissed appellant's appeal, for want of prosecution, *i.e.,* for failure to file a brief pursuant to Rule 47 of the Court of Common Pleas of Franklin County, General Division (hereinafter, Local Rule 47).

Appellant raises the following two assignments of error in support of its appeal:

"1. The trial court erred in dismissing this case for want of prosecution and thereby abused its discretion.

"2. The trial court erred in making its findings upon the merits against the appellant."

Local Rule 47.02 states, in pertinent part:

"Where the time for filing is not fixed by statute or rule of the Supreme Court, the Appellant shall file a brief within twenty (20) days after the filing of the transcript of the record; the Appellee shall file his brief within ten (10) days after the filing of the brief of Appellant and any reply brief shall be filed within five (5) days after the filing of the Appellee's brief. Extensions of time may be granted by entry by the judge to whom the case is assigned for good cause shown after notice to all parties."

Local Rule 47.04 states that failure to timely file a brief " * * * shall be cause for dismissal of the appeal for want of prosecution or other disposition of the case at the discretion of the judge to whom the case is assigned." It is undisputed in the present case that the brief appellant had filed with the Board of Review was also included in the certified transcript of the record of the proceedings before the Board of Review. It is also undisputed that appellant filed no other brief in the six months between the filing of the transcript with the Court of Common Pleas and the dismissal of the appeal by the trial court.

Appellant argues that because the brief it filed with the Board of Review was a part of the record, it was not required to file another brief pursuant to Local Rule 47. It argues that a dismissal for want of prosecution is controlled by Civ. R. 41(B)(1).

Appellant's argument, that it was not required to file a

brief with the trial court because the record on appeal contained a brief, is not persuasive. Local Rule 47 clearly contemplates the filing of a brief irrespective of what the record on appeal may contain. It is noted that Local Rule 47.05 requires all briefs to be filed in duplicate. Appellant does not argue that it complied with that rule.

However, Local Rule 47 must be read together with Civ. R. 41(B)(1), which requires that notice be given to appellant's counsel before an action is dismissed for failure to prosecute. "Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court. * * * " Section 5(B), Article IV, Ohio Constitution. Local Rule 47 is inconsistent with Civ. R. 41(B)(1) to the extent that it does not require the giving of notice to appellant's counsel prior to dismissing the action for failure to prosecute. Therefore, the dismissal in this case was granted in error as there is no dispute that appellant was not given notice that its cause of action was to be dismissed for failure to prosecute. Appellant's first assignment of error is sustained.

With respect to the second assignment of error, appellant argues that, because the trial court did not review the merits of the case, the dismissal of its appeal was not a dismissal on the merits. That argument is in direct conflict with Civ. R. 41(B)(3), which provides that a dismissal for failure to prosecute " * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." The critical language of the rule is "operates as an adjudication upon the merits." The connotation of the word "operates" is that the action is something other than an actual adjudication on the merits, but the effect of the dismissal is that it is on the merits. Appellant's second assignment of error is not well taken and is overruled.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed and*
*cause remanded.*

STRAUSBAUGH, P. J., and McCORMAC, J., concur.