GURKOVICH et al., Appellants,

v.

AAA MOBILE HOME SALES & BROKERAGE, INC., et al., Appellees.

[Cite as *Gurkovich v. AAA Mobile Home Sales & Brokerage, Inc.* (1990) 70 Ohio App.3d 572.]

Court of Appeals of Ohio,
Lorain County.

No. 90CA004881.

Decided Dec. 12, 1990.

*Seymour R. Brown,* for appellants.

*Ronald J. Deery, Thomas P. Coffee* and *Thomas J. Kaiser,* for appellees.

REECE, Presiding Judge.

The issue presented in this appeal is whether the trial court abused its discretion by denying the motion of plaintiffs-appellants, Kevin and Sherry Gurkovich, for relief from judgment pursuant to Civ.R. 60(B). We affirm.

The facts of this case are not disputed. The Gurkoviches filed their complaint in the common pleas court on January 12, 1990 and a management conference was set for April 24, 1990. When the Gurkoviches' counsel was unable at the last moment to attend, the trial judge scheduled a pretrial hearing for June 26, 1990. The Gurkoviches' counsel failed to appear at this proceeding as well. Consequently, the court dismissed the complaint *sua sponte* on that date without first providing notice of its intention to do so. The Gurkoviches' ensuing motion for relief from judgment pursuant to Civ.R. 60(B) was denied on July 23, 1990. Their notice of appeal to this court was filed on August 6, 1990.

## Assignment of Error

"The trial court erred in dismissing plaintiffs' case at a pre-trial where no notice was given to plaintiffs that if they and/or their counsel did not appear, the case would be dismissed."

The Gurkoviches' notice of appeal seeks a review of both the trial court's initial dismissal of their complaint and the denial of relief after judgment. While this notice was filed within thirty days of the latter entry, it was not submitted in time to appeal the court's original entry of dismissal. App.R. 4(A). Accordingly, we can only address the rejection of the Gurkoviches' Civ.R. 60(B) motion. See *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 392, 15 OBR 505, 507–508, 474 N.E.2d 328, 331.

The Ohio Supreme Court established in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus, that:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

If any of these three requirements is not satisfied, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566; *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 67, 18 OBR 96, 99–100, 479 N.E.2d 879, 883. This provision attempts to strike a balance between the competing principles that litigation must be brought to an end and that justice should be done. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 609.

Civ.R. 60(B) is a remedial measure and should be liberally construed so as to advance these objectives. *Id.* at 248, 18 O.O.3d at 445, 416 N.E.2d at 609; *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 405–406, 453 N.E.2d 648, 650–651. Nevertheless, the trial court enjoys considerable discretion in resolving such matters. *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 12, 7 O.O.3d 5, 7, 371 N.E.2d 214, 217; *Rose Chevrolet, supra,* 36 Ohio St.3d at 20, 520 N.E.2d at 566. While courts should strive to decide cases upon their merits rather than upon procedural grounds, Civ.R. 60(B) must not be employed to emasculate the pleading rules and time limits. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 79, 514 N.E.2d 1122, 1125–1126.

Addressing the second prong of the Civ.R. 60(B) analysis, the Gurkoviches' motion for relief after judgment asserts only that:

"The pre-trial in this case was set for June 26, 1990. Plaintiffs' counsel inadvertantly [*sic*] omitted to note the date on his calendar, but made an appearance before the Ohio Liquor Control Commission on that date."

Civ.R. 60(B)(1) does identify "mistake, inadvertence, surprise or excusable neglect" as proper grounds for granting relief. However, no evidence of any kind supporting this claim was presented to the court or appeared in the record.

Our decision in this case is controlled by the Ohio Supreme Court's reasoning in *Rose Chevrolet, supra.* In that case, the moving party alleged "inadvertence and excusable neglect" but failed to offer any evidence permitting a factual determination as to whether Civ.R. 60(B)(1) was actually satisfied. *Id.* 36 Ohio St.3d at 20, 520 N.E.2d at 566. The unanimous court explained that:

" * * * It is true that neither Civ.R. 60(B) itself nor any decision from this court has required the movant to submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases. But the least that can be required of the movant is to enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality. A mere allegation that the movant's failure to file a timely answer was due to 'excusable neglect and inadvertence,' without any elucidation, cannot be expected to warrant relief.

"In *Colley* [*supra,* 64 Ohio St.2d at 249, 18 O.O.3d at 445, 416 N.E.2d at 609], this court stated that the determination of whether excusable neglect occurred ' * * * must of necessity take into consideration all the surrounding facts and circumstances.' If the movant fails to apprise the court of those surrounding facts and circumstances and the court subsequently overrules the motion, that judgment cannot be characterized as an abuse of discretion. A

reviewing court in such a case has no alternative but to presume that the trial court, in overruling appellant's motion, acted within the bounds of its discretionary authority." (Footnote and citations omitted.) *Rose Chevrolet, supra,* 36 Ohio St.3d at 20–21, 520 N.E.2d at 566–567. We must reach a similar conclusion in the case *sub judice.* See *O.D. Miller Elec. v. Intl. Installations, Inc.* (Nov. 21, 1990), Summit App. No. 14499, unreported, 1990 WL 188355.

*Rose Chevrolet* is not distinguishable merely because the trial court in those proceedings permitted an evidentiary hearing on the Civ.R. 60(B) motion. In the instant case, the Gurkoviches did not request a hearing and do not now argue that they were entitled to one. Moreover, such a proceeding is not required when no material disputes appear in the record or evidentiary materials submitted. *Hornyak v. Brooks* (1984), 16 Ohio App.3d 105, 16 OBR 111, 474 N.E.2d 676; cf. *Twinsburg Banking Co. v. RHEA Constr. Co.* (1983), 9 Ohio App.3d 39, 9 OBR 41, 458 N.E.2d 440; *U.A.P. Columbus JV326132 v. Plum* (1986), 27 Ohio App.3d 293, 27 OBR 338, 500 N.E.2d 924.

The thrust of the Gurkoviches' argument to this court is that the trial court erred by *sua sponte* dismissing their complaint without providing notice of its intention to do so. While we do agree with this contention,[1] we cannot reverse the common pleas court since this issue is not before us directly. It is well settled that a Civ.R. 60(B) motion is a special collateral proceeding which cannot be employed as a substitute for an appeal. *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686, 23 O.O.3d 551, 552, 433 N.E.2d 612, 614. Operating from within the narrow framework of Civ.R. 60(B) as we must, we hold that the trial court did not abuse its discretion in denying relief from judgment. No evidence was presented and the record does not demonstrate that one of the grounds specified in Civ.R. 60(B)(1) through (5) was satisfied.

The Gurkoviches' assignment of error is overruled and the trial court's judgment is affirmed.

*Judgment affirmed.*

---

1. Civ.R. 41(B)(1), concerning failure to prosecute, expressly demands "notice to the plaintiff's counsel" as a prerequisite to an involuntary dismissal. *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951, paragraph one of the syllabus; *Geico Financial Servs., Inc. v. VRR, Inc.* (1990), 69 Ohio App.3d 556, 591 N.E.2d 294. We are aware that Loc.R. 14 of the Court of Common Pleas of Lorain County, upon which the trial court relied, does not specifically recite this requirement. Nevertheless, clear and unambiguous provisions of the Ohio Rules of Civil Procedure may not be circumvented through local court rules. Section 5(B), Article IV, Ohio Constitution; Civ.R. 1; see *In re Appeal of Little Printing Co.* (1980), 70 Ohio App.2d 182, 24 O.O.3d 222, 435 N.E.2d 687.

**576**

Baird and Mahoney, JJ., concur.

Edward J. Mahoney, J., retired, of the Ninth Appellate District, sitting by assignment.