OPINION
On August 20, 1997, appellee, Mary Wigley, filed a complaint against Fredmont Builders, Inc. and appellant, Mego Mortgage Corp., for breach of contract and violations of the Ohio Consumer Sales Practices Act. On September 23, 1997, appellant filed a stipulation for leave to plead until October 20, 1997.
On September 26, 1997, the trial court issued an assignment notice setting an initial pretrial on November 6, 1997, a final pretrial on March 3, 1998 and a jury trial on April 20, 1998.
On October 14, 1997, appellee filed a motion for default judgment against appellant for failure to answer. By judgment entry filed October 20, 1997, the trial court granted default judgment against Fredmont Builders and set a damages hearing for November 6, 1997, the date of the initial pretrial.
On October 21, 1997, appellant filed a stipulation for leave to plead until October 24, 1997. Appellant filed an answer on October 21, 1997, and filed a motion to dismiss appellee's motion for default judgment on October 27, 1997.
The initial pretrial and the damages hearing against Fredmont Builders were conducted on November 6, 1997. Appellant and his counsel failed to appear. By judgment entry filed November 26, 1997, the trial court found both Fredmont Builders and appellant to be in default pursuant to Loc.R. 13.05 of the Court of Common Pleas of Stark County, General Division, and awarded appellee $47,000 plus interest and costs.
On December 16, 1997, appellant filed a motion to vacate judgment. On December 23, 1997, appellant filed a notice of appeal of the November 26, 1997 judgment entry. By judgment entry filed January 6, 1998, the trial court denied appellant's motion for relief from judgment. Appellant filed an amended notice of appeal on January 16, 1998 to include the January 6, 1998 judgment entry.
This matter is now before this court for consideration. Assignments of error are as follows:
I
 IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ENTER A DEFAULT JUDGMENT AGAINST MEGO MORTGAGE FOR THEIR FAILURE TO APPEAR AT A PRETRIAL CONFERENCE.
II
 OHIO CIVIL RULE 55 REQUIRED THAT MEGO BE GIVEN A NOTICE THAT THEIR FAILURE TO APPEAR AT A PRETRIAL CONFERENCE WOULD RESULT IN A JUDGMENT AGAINST THEM.
III
 THE COURT ERRED IN RULING THAT THE STANDARD OF PROOF IN A FRAUD ACTION IS A PREPONDERANCE OF THE EVIDENCE.
IV
 THE COURT ERRED WHEN IT OVERRULED THE MOTION TO VACATE JUDGMENT.
V
 THE JUDGMENT ENTERED BY THE TRIAL COURT AGAINST MEGO IS NOT SUPPORTABLE BY OHIO LAW.
 I, II
Appellant claims the trial court abused its discretion in entering default judgment for appellant's failure to appear at the initial pretrial on November 6, 1997 and in failing to provide notice pursuant to Civ.R. 55. We agree.
The granting of a default judgment rests within the trial court's sound discretion. Pembauer v. Leis (1982),1 Ohio St.3d 89. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
In its November 26, 1997 judgment entry, the trial court incorrectly found appellant's answer was filed without leave of court. By stipulation filed September 23, 1997, the trial court granted appellant's request for leave to plead until October 20 1997. By stipulation filed October 21, 1997, the trial court granted appellant leave to plead until October 24, 1997. Appellant filed its answer on October 21, 1997.
By judgment entry filed November 26, 1997, the trial court found "both Defendants to be in default pursuant to the Ohio Civil Rules and Stark County Local Rule 13.05." Appellee argues appellant's failure to appear at the initial pretrial set per judgment entry/assignment notice triggered the default provisions of Loc.R. 13.05 which states as follows:
 In the event that neither the Defendant not counsel appears for such pretrial conference, the Court at Plaintiff's request, may hear evidence and decide a case triable to the Court, or if it be a case triable to a jury, may accept Plaintiff's waiver of trial by jury, hear evidence and decide the case.
At all times, local rules are subservient to the general rules of civil procedure. Section 5(B), Article IV, Ohio Constitution; Civ.R. 1; In re Appeal of Little Printing Co.
(1980), 70 Ohio App.2d 182. Civ.R. 55(A) governs defaults and states in pertinent part:
 If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.
Although we are aware of the necessity which created the pretrial rules of the Stark County Local Rules, we find application of the default provisions of Loc.R. 13.05 to be an abuse of discretion sub judice. We so find because of the trial court's obvious error in finding an improperly filed answer, the failure to provide appellant notice pursuant to Civ.R. 55(A)[1] and the fact that the initial pretrial was to be followed by a final pretrial already schedule.
Assignments of Error I and II are granted.
 III, IV, V
In light of our decision in Assignments of Error I and II, these assignments are moot.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby vacated and remanded.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
[1] In order to implement Loc.R. 13.05, the notice of pretrial should recite the rule.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby vacated and remanded to said court for further proceedings consistent with this opinion.