DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Municipal Court judgment that denied a Civ.R. 60(B) motion filed by Roger Johnson, defendant below and appellant herein, in the action brought against him by Discover Bank, plaintiff below and appellee herein. The following errors are assigned for review:
FIRST ASSIGNMENT OF ERROR:
"THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT AS THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE."
SECOND ASSIGNMENT OF ERROR:
"THE LOWER COURT ERRED BY NOT PROVIDING A TRIAL BY JURY WHICH ABRIDGED APPELLANT'S RIGHT PROTECTED BY THE 7TH AMENDMENT TO THE CONSTITUTION."
 {¶ 2} In March, 2002, appellee filed two separate complaints and alleged that appellant owed $4,375.35 on a "Private Issue" credit card and $11,028.95 on a "Discover" credit card. Appellee demanded judgment for those amounts together with accrued interest. Appellant filed answers alleging, inter alia, that the credit card debt had been satisfied.[1]
 {¶ 3} On October 2, 2002, appellee filed a motion for summary judgment. The trial court granted the motion and entered judgment against appellant for $15,404.30 together with interest at the rate of 19.8% per annum.
 {¶ 4} Appellant did not file a notice of appeal from that judgment but, rather, moved the court to reconsider its ruling. When the court denied his motion for reconsideration, appellant filed an appeal from that decision. We, however, dismissed that appeal because it was not timely and because we lacked jurisdiction. See Discover Bank v. Johnson, Hocking App. No. 03CA1, 2003-Ohio-461, at ¶ 4.
 {¶ 5} On March 4, 2003, appellant filed a motion to "vacate/set aside a void judgment" wherein he argued that appellee was not entitled to summary judgment on its claims and that the court should vacate its previous judgment against him. The trial court overruled the motion on March 5, 2003. This appeal followed.[2]
 {¶ 6} The instant appeal stems from the denial of a Civ.R. 60(B) motion for relief judgment and, although appellant would prefer to argue the merits of the original case, we must analyze his arguments in the context of that rule.[3] We note at the outset that in order to prevail on a Civ.R. 60(B) motion for relief from judgment, a movant must establish (1) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through(5); (2) the existence of a meritorious claim or defense to present if relief is granted; and (3) that the motion is made within a reasonable time which, for those grounds set forth in Civ.R. 60(B)(1)-(3), means not more than one year after judgment. See State exrel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134;Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648; GTEAutomatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, at paragraph two of the syllabus. A failure to establish any one of these criteria will cause the motion to be overruled. SeeStrack v. Pelton (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914; RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.
 {¶ 7} Appellant failed to establish the first criteria in his motion below. Indeed, he did not expressly assert that he was entitled to relief from judgment under any of the five grounds set forth in Civ.R. 60(B).[4] Rather, he argued that appellee had not "proven its case for summary judgment." Once again, this was an issue that should have been raised in a timely direct appeal.
 {¶ 8} We note that Civ.R. 60(B) relief is not available for use as a substitute for appeal, Blasco v. Mislik (1982), 69 Ohio St.2d 684,686, 433 N.E.2d 612; Colley v. Bazell (1980), 64 Ohio St.2d 243, 245,416 N.E.2d 605, and cannot be used to challenge the correctness of the trial court's original decision on the merits. Justice v. Lutheran SocialServ. of Cent. Ohio (1992), 79 Ohio App.3d 439, 442, 607 N.E.2d 537;Gurkovich v. AAA Mobile Homes Sales Brokerage, Inc. (1990),70 Ohio App.3d 572, 575, 591 N.E.2d 821; Consolidated Rail Corp. v.Forest Cartage Co. (1990), 68 Ohio App.3d 333, 336, 588 N.E.2d 263. Appellant's use of such a motion to attempt to reargue the merits of appellee's original motion for summary judgment is, therefore, improper.
 {¶ 9} In the end, a motion for relief from judgment is committed to the sound discretion of the trial court and the court's ruling should not be disturbed absent an abuse of that discretion. See State ex rel.Russo v. Deters (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237, 1238;Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122,1123-1124; Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64,66, 479 N.E.2d 879, 882. An abuse of discretion is described as being more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See Landis v.Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140,1142; Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440,448, 659 N.E.2d 1242, 1249; State ex rel. Solomon v. Police Firemen's Disability Pension Fund Bd. of Trustees (1995),72 Ohio St.3d 62, 64, 647 N.E.2d 486, 488. In applying the abuse of discretion standard, appellate courts are admonished that they should not substitute their judgment for that of the trial court. See State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732,654 N.E.2d 1254, 1258; In re Jane Doe 1 (1991). 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181, 1184; Berk v. Matthews (1990), 53 Ohio St.3d 161,169, 559 N.E.2d 1301, 1308. Indeed, in order to show an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3.
 {¶ 10} In the case sub judice, because appellant used Civ.R. 60(B) as an appeal mechanism and attempted to reargue the merits of the original case, we find no error in the trial court's decision to overrule his motion for relief from judgment. Accordingly, appellant's two assignments of error are without merit and are hereby overruled and we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] A month before these lawsuits were filed, appellant sent checks to appellee purporting to satisfy the balance due on both cards. The checks were returned for insufficient funds. Nevertheless, appellant apparently maintained that by accepting the checks, appellee somehow forfeited its right to receive any further payment.
[2] Appellee argues in its brief that, once again, appellant has filed an untimely appeal and that we do not have jurisdiction to review this matter. We disagree. The trial court's judgment overruling the Civ.R. 60(B) motion was filed March 5, 2003. Appellant's notice of appeal was filed March 27, 2003. This is within the thirty (30) day time frame of App.R. 4(A) and, thus, we have jurisdiction to review the instant appeal.
[3] Both of appellant's assignments of error go to issues that should have been raised on direct appeal of the court's original judgment. His assignments of error do not address whether the court correctly denied his Civ.R. 60(B) motion which is the subject of this appeal.
[4] Those grounds include (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct, (4) the judgment has been satisfied, released or discharged or it is no longer equitable for it to have prospective application, or (5) any other reason justifying relief.