DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which denied a motion for relief from judgment, pursuant to Civ.R. 60(B)(1) and (5), filed by appellant, Dennis R. McBroom. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellee, Rita Elinor (Loveridge) McBroom, and appellant were married on February 14, 1981. Three children were born as issue of the marriage: Katherine L. McBroom, born September 1, 1981; Mathew D. McBroom, born June 3, 1983; and Christina L. McBroom, born April 29, 1985.
 {¶ 3} On August 21, 1998, appellant filed a complaint for divorce. Appellee filed an answer and counterclaim on October 26, 1998. May 22, 2001, was the date set for trial; on that day, the parties negotiated a separation and property settlement agreement ("agreement"). On May 23, 2001, the trial court entered a judgment entry granting the parties a divorce and ordering into execution the terms of the agreement.
 {¶ 4} On January 15, 2002, appellee filed a motion in which she sought a show cause order in regard to appellant's failure to re-file the amended tax returns as provided for in Section 6.1 of the agreement. Section 6.1 states:
 {¶ 5} "Taxes (a) Husband agrees to hold Wife absolutely harmless from any liability which may be assessed with regard to taxes, penalties, or interest arising from the filing of joint income or personal property tax returns for any year in which a joint return was filed or is filed hereafter pursuant to this Agreement. The parties agree, at Husband's sole expense, to amend all tax returns filed separately during the years 1997, 1998, 1999, and 2000, and to re-file returns for those years jointly. Upon completion and execution of each of said amended returns, Husband shall immediately reimburse Wife for all federal, state, and local taxes paid by her in connection with each corresponding separate return filed by her. The parties agree that thereafter any refund of taxes for any amended joint returns shall be divided as follows: from each refund received, Husband shall receive an amount equal to the amount paid to Wife to reimburse her for the taxes she paid with her corresponding separate return, and the balance remaining, if any, shall be divided equally between Husband and Wife. Husband shall have the right to control any controversy or litigation concerning joint returns and shall be solely responsible for all legal, accounting or other cost associated therewith."
 {¶ 6} On May 20, 2002, appellant filed his 60(B) motion. Appellant requested that the trial court rescind Section 6.1 due to a mistake. In his motion, appellant stated that the agreement was negotiated over an entire day and read into the record at 6 p.m.; that appellee had refused to file joint tax returns during the period of separation and refused to supply appellant and his tax preparers with financial tax documents; that Section 6.1 was intended to be at husband's option; that after appellant's accountants reviewed appellee's financial information and tax returns, they advised that the re-filing of joint returns would result in additional monies to be paid to both the state and federal governments; and that appellee insists that the returns be re-filed whether or not there is a refund and insists that she be reimbursed for the taxes she previously paid when she filed her separate returns. Appellant asserted that it would make no sense to have Section 6.1 if a joint return would result in additional taxes being due. Appellant sought to have Section 6.1 set aside.
 {¶ 7} On June 17, 2002, appellee filed a memorandum in opposition. In her memorandum, appellee argued that Section 6.1 was available for review and consideration by counsel for both parties for more than three months; she also supplied earlier versions of Section 6.1 containing the same language that appeared in the final version. Appellee also argued that the language contained in Section 6.1 is clear and unambiguous and that the language of Section 6.1 provided for the filing of joint returns regardless of the outcome. Appellee argued that Section 6.1 was negotiated as part of a complicated financial settlement between the parties and was agreed to as part of an overall package involving substantial property division and support issues. Appellee argued that appellant sought Section 6.1, focusing on the possible financial gains if a tax refund resulted from the filing of amended returns and believing that owing additional taxes as the result of the filing of amended returns was unlikely. Appellee argued that appellant had not presented a meritorious claim or defense and had merely argued that he had made a "bad bargain."
 {¶ 8} On January 9, 2003, the trial court denied appellant's motion. The trial court found that although appellant requested Civ.R. 60(B) relief on the basis of unilateral mistake, Section 6.1 could "not be interpreted in anyway other than to suggest that the parties agreed to re-file their tax returns for the years between 1997 and 2000, and for [appellant] to hold [appellee] harmless on any liability arising from doing so." The trial court stated that if appellant had intended for Section 6.1 to be optional, he would have worded the text to reflect that. The trial court quoted the following from appellant's motion: "Plaintiff asserts that it makes no sense in having this provision whichhe insisted on if a joint return would result in a payment as opposed to a refund ***. (Emphasis added by trial court.)" The trial court then found that appellant could not argue that he mistakenly entered into the provision at issue when the text of his motion clearly provided otherwise.
 {¶ 9} Appellant filed a timely notice of appeal and sets forth the following three assignments of error:
 {¶ 10} "ASSIGNMENTS OF ERROR
 {¶ 11} "A. First Assignment of Error.
 {¶ 12} "There existing a mutual or unilateral mistake as to a material fact which fundamentally affects an assumption of the parties which serves as the basis for the parties agreeing to Paragraph 6.1 of Article VI of the written Separation Agreement, the Trial Court committed error in failing to grant Appellant's motion to vacate that specific provision of the Separation Agreement pursuant to Civ.R. 60(B)(1) and/or Civ.R. 60(B)(5).
 {¶ 13} "B. Second Assignment of Error.
 {¶ 14} "The Appellant, by testimony set forth in his affidavit, demonstrated at the very least, the Appellant unilaterally made a mistake of fact, which had a material effect on the agreed exchange of performance, and therefore, the Trial Court, should have conducted an evidentiary hearing to verify such fact before rendering decision upon the motion.
 {¶ 15} "C. Third Assignment of Error.
 {¶ 16} "The Interpretation given by the Trial Court of Section 6.1, Article VI of the written Separation Agreement does not comport with the clear intent of the parties, and therefore, not withstanding the fact the language is not ambiguous, the Trial Court should not have given a meaning to the tax provision intended by the parties."
 {¶ 17} The appropriate standard for our review of a Civ.R. 60(B) determination is abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77; Quebodeaux v. Quebodeaux (1995), 102 Ohio App.3d 502,504. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661, 667. The fact that we may have reached an opposite result will not justify our reversing the trial court's decision. Wilmington Steel Products, Inc. v.Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122.
 {¶ 18} In his first assignment of error, appellant argues that the trial court erred in denying his 60(B) motion. This court finds no merit in this assignment of error.
 {¶ 19} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must establish three requirements: 1) the party has a meritorious defense or claim to present if relief is granted; 2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time. G.T.E. Automatic Electric v. A.R.C. Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be satisfied before a Civ.R. 60(B) motion can be granted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. These requirements are independent of one another and in the conjunctive. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id. Civ.R. 60 seeks to resolve the competing principles that litigation must be brought to an end and that justice should be done. Colley v. Bazell
(1980), 64 Ohio St.2d 243, 248.
 {¶ 20} Turning to the facts of this instant appeal, we must examine whether appellant met the first prong of GTE. This factor requires the movant to initially allege operative facts which demonstrate the movant has a meritorious claim or defense to present if relief is granted. Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64,67. The "meritorious claim or defense" prong of GTE Automatic Electric,Inc. v. ARC Industries, Inc., supra, contemplates "at least a prima facie showing that the time and trouble required by vacating a judgment are justified because a new judgment may be different." Baldwin's Ohio Civil Practice, Vol. 2, Section 60-24, at p. 648.
 {¶ 21} In its judgment entry, the trial court found, contrary to appellant's argument that a unilateral mistake had occurred, that the agreement was clear and concise and that there was no evidence of mistake by either party. The trial court determined that appellant was attempting to circumvent an agreement that he voluntarily entered into with advice of counsel and that appellant was bound by the terms of the agreement. This court agrees with the trial court's analysis. In the case sub judice, it is clear that it was solely appellant's decision and choice to enter into the agreement, including Section 6.1. In Knapp v. Knapp
(1986), 24 Ohio St.3d 141, 145-46, in finding that it would be unfair to relieve a party from his voluntary, deliberate choice under Civ.R. 60(B)(4), the Ohio Supreme Court stated:
 {¶ 22} "A decision, contrary to the one we make today, would open a veritable Pandora's box of problems. For instance, litigants, armed with the knowledge that Civ.R. 60(B)(4) would relieve them of the consequences of their voluntary, deliberate choices, would be encouraged to litigate carelessly. *** [T]his would be a subversion of judicial economy and an opening of the proverbial floodgates, causing Ohio's courts to drown in a sea of duplicative, never-ending litigation."
 {¶ 23} As appellant failed to allege operative facts demonstrating that he had a meritorious claim or defense, he failed to meet the first prong of GTE. Because appellant failed to meet the first prong for the granting of a Civ.R. 60(B) motion as set forth in GTE Automatic Elec.,
supra, we need not address the issue of whether the second and third prongs have been met. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391. However, for the sake of completeness, this court will do so.
 {¶ 24} The second prong of GTE requires a movant to demonstrate that he is entitled to relief under one of the provisions of Civ.R. 60(B)(1) through (5). In the present case, appellant sought relief pursuant to sections (1) and (5). A trial court can grant relief from a judgment under Civ.R. 60(B)(1) for a "mistake, inadvertence, surprise or excusable neglect" and under Civ.R. 60(B)(5) for "any other reason justifying relief from the judgment."
 {¶ 25} In regard to Civ.R. 60(B)(1), the determination of whether a mistake or excusable neglect occurred "must of necessity take into consideration all of the surrounding facts and circumstances." Colley v.Bazell, 64 Ohio St.2d at 249. "`If the movant fails to apprise the court of those surrounding facts and circumstances and the court subsequently overrules the motion, that judgment cannot be characterized as an abuse of discretion.'" Gurkovich v. AAA Mobile Home Sales Brokerage,Inc. (1990), 70 Ohio App.3d 572, 574-75, quoting Rose Chevrolet,36 Ohio St.3d at 20-21.
 {¶ 26} In his Civ.R. 60(B) motion, appellant argued that he should be entitled to relief because the filing of the amended tax returns was "intended" to be at his option and "that it makes no sense in having this provision (Section 6.1) which he insisted on if a joint return would result in a payment as opposed to a refund ***," basically arguing unilateral mistake. On appeal, appellant now argues both unilateral and mutual mistake. However, the mutual mistake argument was not raised in the trial court. Therefore, it is not necessary for this court to consider the merits of appellant's mutual mistake argument as appellant failed to raise these arguments in the trial court. It is well settled that an appellate court will not consider questions not presented, considered or decided by a lower court. In re Dismissal of Mitchell
(1979), 60 Ohio St.2d 85, 90; Kalish v. Trans World Airlines (1977),50 Ohio St.2d 73, syllabus.
 {¶ 27} In regard to unilateral mistake, in Galehouse Constr.Co., Inc. v. Winkler (1998), 128 Ohio App.3d 300, 303, the court noted:
 {¶ 28} "*** Generally, a contract may not be reformed in the case of a unilateral mistake. (Citation omitted.) However, where the mistake occurred due to a drafting error by one party and the other party knew of the error and took advantage of it, the trial court may reform the contract. (Citation omitted.) Reformation is appropriate if one party believes that a contract correctly integrates the agreement and the other party is aware that it does not, even though the mistake was not mutual. (Citation omitted.)" In Galehouse Construction, the court affirmed the reformation of a contract when the parties had agreed to a purchase price for the lot and an additional price for the construction for a home but the price for the lot was omitted when the contract was drafted. Id. at 304. The Galehouse Construction case is distinguishable from the case sub judice in that an agreed contract term, the lot price, was omitted from the written contract.
 {¶ 29} Relief under Civ.R. 60(B)(1) was denied on the ground of unilateral mistake in Nationsbanc Mortgage Corp. v. Jones (Mar. 30, 2001), 7th Dist. No. 99 C.A. 236. In Nationsbanc Mortgage, the court found that the appellants were not entitled to relief under Civ.R. 60(B)(1) on the ground of mistake when, knowing that they had mortgages on their residence and a rental property with the same mortgagee, they did not check the loan number to identify which loan they were paying when they attempted to reinstate the mortgage on their residence. The appellate court found that their own negligence resulted in their mistaken belief that they had reinstated the loan on their residence.
 {¶ 30} In Citizens Fed. Bank v. Moncarz (May 31, 1995), 1st Dist. No. C-940300, C-940301, the appellate court found that the trial court properly denied a Civ.R. 60(B)(1) motion when the bank claimed a unilateral mistake in a settlement agreement between the bank and one of its credit-card customers. The court found that any mistake claimed by the bank resulted from its own negligence in failing to review its own account records. The treatment of a unilateral mistake resulting from a party's own negligence is consistent in both Civ.R. 60(B) and non-Civ.R. 60(B) cases.[1]
 {¶ 31} In regard to Civ.R. 60(B)(5), intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, this provision is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus; accord Cuyahoga Support Enforcement Agency v.Guthrie (1999), 84 Ohio St.3d 437, 440. The grounds for invoking Civ.R. 60(B)(5) should be substantial. Caruso-Ciresi, Inc. v. Lohman, at paragraph two of the syllabus. See, also, Whitt v. Bennett (1992),82 Ohio App.3d 792, 797 (Matters of an extraordinary nature fall within the umbrella of Civ.R. 60(B)(5)). Moreover, "it is well-established that the `other reason' clause of Civ.R. 60(B) will not protect a party who ignores its duty to protect its interest." Mount Olive Baptist Church v.Pipkins Paints (1979), 64 Ohio App.2d 285, 288.
 {¶ 32} Based upon the above law and the facts set forth in appellant's Civ.R. 60(B) motion, this court finds that appellant was not entitled to relief under either Civ.R. 60(B)(1) or (5).
 {¶ 33} In regard to the third prong of the GTE test, timeliness, we find that appellant's motion was untimely. As indicated above, the judgment entry was journalized on May 23, 2001. Appellant did not file his Civ.R. 60(B) motion until almost one year later, on May 20, 2002. Motions filed pursuant to Civ.R. 60(B)(1) must not only be filed within one year of the judgment, but must also be filed within a reasonable time. Courts have found Civ.R. 60(B) motions untimely even though they were filed within one year of judgment. A movant has the burden of presenting "allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time." Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 103. See, also, Walnut Equip.Leasing Co., Inc. v. Saah (Feb. 21, 2001), Lorain App. No. 00CA007600.
 {¶ 34} Although the absolute length of time is not dispositive in determining what constitutes a reasonable time under Civ.R. 60(B), Taylorv. Haven (1993) 91 Ohio App.3d 846, 852, appellant has failed to demonstrate or even allege that his motion was made within a reasonable time. What constitutes "reasonable time" for filing the motion under Civ.R. 60(B) depends upon the facts of the case. Appellate courts have found a request for relief untimely where the movant has failed to explain a significant lapse in time between the date of a properly noticed judgment from which the relief is sought and the date of filing of the Civ.R. 60(B) motion. Fouts v. Weiss-Carson (1991),77 Ohio App.3d 563, 567 (motion untimely when no explanation for the twelve week delay in filing); Mount Olive Baptist Church v. PipkinsPaints, 64 Ohio App.2d at 289 (movant failed to demonstrate timeliness of motion in absence of any evidence explaining delay).
 {¶ 35} In the original motion to vacate and in his brief on appeal, appellant did not address whether or not the motion was timely. As noted supra, appellant's motion was filed just short of one year after the judgment entry. Appellant failed to offer any explanation as to why he waited this substantial period of time and, thereby, failed to establish the "reasonable time" element necessary for Civ.R. 60(B)(1) relief under the GTE test. Rose Chevrolet, 36 Ohio St.3d at 20. Similar to the movant in Fouts v. Weiss-Carson, 77 Ohio App.3d at 567, appellant has failed to establish the timeliness of his motion to vacate and, thus, did not satisfy the third prong of the GTE test. Therefore, we find that the trial court would not have abused its discretion if it concluded that appellant's Civ.R. 60(B) motion was untimely.
 {¶ 36} This court has considered the entire record of these proceedings and, upon consideration thereof and the law, finds that appellant has not established that he had a meritorious defense or claim; that he has not established he was entitled to relief under either Civ.R.(B)(1) or (5); and that he has not established that his motion for relief from judgment pursuant to Civ.R. 60(B)(1) was filed within a "reasonable time." Thus, the trial court did not abuse its discretion when it denied appellant's motion for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 37} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 38} In his second assignment of error, appellant argues that the trial court erred in failing to conduct an evidentiary hearing. This court finds no merit in this assignment of error.
 {¶ 39} A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. Gaines Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf Rock Co., L.P.A.
(1990), 70 Ohio App.3d 643, 646. However, if the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing.U.A.P. Columbus JV326132 v. Plum (1986), 27 Ohio App.3d 293, 294-95. On the other hand, if the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing. Bates Springer, Inc. v. Stallworth (1978), 56 Ohio App.2d 223, 228; Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 19.
 {¶ 40} This court has considered the entire record of these proceedings and, upon consideration thereof and the law, finds that appellant did not provide allegations of operative facts demonstrating that relief was warranted. Thus, the trial court did not err in not conducting a hearing on appellant's Civ.R. 60(B) motion.
 {¶ 41} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 42} In his third assignment of error, appellant argues that the trial court erred in giving Section 6.1 an interpretation that did not comport with the intention of the parties. This court finds no merit in this assignment of error.
 {¶ 43} In Forstner v. Forstner (1990), 68 Ohio App.3d 367, 372, the court stated:
 {¶ 44} "Since a separation agreement is a contract, its interpretation is a matter of law. It is subject to the same rules of construction as other contracts. (Citation omitted.) The primary principle which courts must follow is that the contract must be interpreted `so as to carry out the intent of the parties, ***.' (Citation omitted.) Pursuant to this rule, it has been held that when a term in an agreement is unambiguous, then the words must be given their plain, ordinary and common meaning; however, when the term is not clear, parole evidence is admissible to explain the meaning of the words." (Citation omitted.)
 {¶ 45} Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract, or if the terms are reasonably susceptible to more than one interpretation. United StatesFid. Guar. Co. v. St. Elizabeth Med. Ctr. (1998), 129 Ohio App.3d 45,55. Where the contract is clear and unambiguous, the intent of the parties must be determined from the contract itself. Mattlin-Tiano v.Tiano (Jan. 9, 2001), 10th Dist. No. 99 AP-1266. The decision as to whether a contract is ambiguous is a matter of law. Ohio Historical Soc.v. Gen. Maintenance Eng. Co. (1989), 65 Ohio App.3d 139, 146. A court construing a contract attempts to discover and effectuate the intent of the parties, which is presumed to reside in the language chosen by the parties in the agreement. Griner v. UNUM Life Ins. Co. (Feb. 27, 2001), 10th Dist. No. 00 AP-678. "`If no ambiguity exists, the terms of the contract must simply be applied without resorting to methods of construction and interpretation.***'" Chirchiglia v. Ohio Bur. ofWorkers' Comp. (2000), 138 Ohio App.3d 676, 679.
 {¶ 46} In Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph two of the syllabus, the Ohio Supreme Court held:
 {¶ 47} "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument."
 {¶ 48} In applying the above principle of contract law to the facts of that case, the Court stated:
 {¶ 49} "*** Furthermore, where the terms in an existing contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties."(Citations omitted.) Id. at 246.
 {¶ 50} See, also, Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, paragraph one of the syllabus. ("the intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement."). If the language of a contract is clear and unambiguous, a court cannot resort to construction of the language,Holliman v. Allstate Inc. Co. (1999), 86 Ohio St.3d 414, 418, but must enforce the instrument as written. Hybud Equip. Corp. v. Sphere DrakeIns. Co., Ltd. (1992), 64 Ohio St.3d 657, 665.
 {¶ 51} The trial court found the language in Section 6.1 to be clear and unambiguous. We agree. Because this court has determined that the language in Section 6.1 is clear and unambiguous, this court cannot find that the trial court erred in its judgment.
 {¶ 52} Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 53} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
[1] In Carucci v. John Hancock Mutl. Ins. Co. (1968), 15 Ohio App.2d 1,2, an insurer sought to reject a claim on the basis of a unilateral mistake on a second policy because the insured had collected under a first disability policy. The court stated:
"As a general proposition, relief for a unilateral mistake of a material fact will be denied where the mistake is the result of the party's own negligence. Rather than an honest mistake of fact in this case, defendant must be charged absolutely with knowledge of payment by it of the disability benefit followed by the negligent blunder of accepting the application for ordinary insurance on a conversion basis." See, also, Midwest Mutl. Ins. Co. v. Lightning Rod Mutl. Ins. Co. (Mar. 15, 1994), 7th Dist. No. 92-B-53 (Insurance contract enforced when mistake by insurance agent regarding coverage); Kruppa v. All SoulsCemetery of the Diocese of Youngstown (Feb. 22, 2002), 11th Dist. No. 2001-T-0029 (no rescission when "negligent blunder of quoting the wrong price *** caused the unilateral mistake to occur."); Convenient FoodMart, Inc. v. Con. Inc., No. 3-007 (Sept. 30, 1996), 11th Dist. No. 95-L-093 (no relief for a unilateral mistake when mistake resulted from negligence of the party seeking relief.)