THE STATE EX REL. SOHI, APPELLANT, *v.* WILLIAMS, SECRETARY, OHIO STATE DENTAL BOARD, ET AL., APPELLEES.

[Cite as *State ex rel. Sohi v. Williams* (1997), 80 Ohio St.3d 492.]

*Mandamus to compel Ohio State Dental Board to provide relator notice of dates and identities of children allegedly mistreated and abused by him in his dental practice — Writ denied when relator has an adequate legal remedy by way of administrative appeal under R.C. 119.12.*

(No. 97-1399 — Submitted November 4, 1997 — Decided December 31, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD05-687.

In December 1995, appellee Ohio State Dental Board notified appellant, Parneet S. Sohi, a dentist, that the board intended to determine whether to discipline him and gave him the opportunity to request a hearing. The board further notified Sohi of the following alleged actions by him:

"Between the dates of November, 1994, and March, 1995, you have mistreated and abused children in your practice by: grabbing them by the throat and choking; placing [an] anesthetic needle between the patient's eyes and threatening them; holding them up and shaking them; and placing children in headlocks, and other verbal and/or physical abuse against children."

In May 1996, Sohi filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellees, the board and its secretary, to provide notice of the children's identities and dates of the acts alleged in its December 1995 notification. Sohi claimed that appellees' failure to provide more specific notice violated his constitutional right to due process.

While the mandamus complaint was pending in the court of appeals, the board conducted a hearing, and in October 1996, the board ordered that Sohi's license to practice dentistry in Ohio be suspended for six months and that he be

placed on five years' probation following reinstatement. Sohi appealed the board's decision to the Hamilton County Common Pleas Court pursuant to R.C. 119.12. The common pleas court suspended the board's order pending determination of Sohi's administrative appeal with the condition that Sohi render dental care only if an employee was present and in contact with the child. Sohi raised his due process claim in his appeal to the common pleas court.

Following the filing of briefs and evidence in Sohi's mandamus action, the court of appeals denied the writ on the basis that Sohi had an adequate remedy at law by his pending administrative appeal under R.C. 119.12.

This cause is now before the court upon Sohi's appeal as of right.

_____

*Parneet S. Sohi, pro se.*

_____

***Per Curiam.*** We affirm the judgment of the court of appeals for the reasons stated in its opinion. Absent special circumstances or a "dramatic fact pattern," postjudgment appeal constitutes a complete, beneficial, and speedy remedy which precludes extraordinary relief in mandamus. *State ex rel. Toledo Metro Fed. Credit Union v. Ohio Civ. Rights Comm.* (1997), 78 Ohio St.3d 529, 531, 678 N.E.2d 1396, 1398. The court of appeals did not err in finding insufficient special circumstances to preclude application of the foregoing rule. As the court of appeals held:

"The R.C. 119.12 appeal remedy is complete and, if relator's contentions are correct, beneficial. There is no evidence that such a remedy would be significantly less speedy than this mandamus action. Indeed, the fact that the R.C. 119.12 appeal process may encompass more delay and inconvenience than a mandamus action does not prevent such appeal from constituting a plain and

2

adequate remedy at law. * * * As to relator's argument that an R.C. 119.12 appeal will not undo the alleged failure to provide him with proper notice, the same argument can be made as to this mandamus action. The board has already held its hearing and issued an order against relator. As noted above, relator's R.C. 119.12 appeal, if successful, may result in a vacation of the board's order and a remand to the board for appropriate, lawful proceedings."

Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.