[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter is before the court on a petition for writ of mandamus filed by Michael and Pamela Newberry against Clark County Court of Common Pleas Judge, Richard J. O'Neill. Petitioners seek an order requiring the Respondent to "follow the doctrine of the law of the case" as established by this court. The Respondent has filed a Motion for Judgment on the Pleadings, pursuant to Civil Rule 12(C) and Motion for Summary Judgment, pursuant to Civil Rule 56. The Board of Clark County Commissioners has joined as intervenor and also filed a motion for judgment on the pleadings. The petitioners have also filed a motion for judgment on the pleadings.
 {¶ 2} In Board of Clark County Commissioners v. Newberry
(Nov. 8, 2002), Clark App. No. 00-CV-0921, this court set forth the facts and procedural history relevant to this matter:
 {¶ 3} The present appeal stems from a decision by appellee Clark County Board of Commissioners to widen Leffel Lane in Springfield, Ohio. In order to widen the road, the Commissioners needed to appropriate a portion of the Newberry's land As a result, they filed a petition for appropriation in accordance with Ohio law. Prior to trial, the Commissioners also made a written offer to confess judgment in favor of the Newberrys in the amount of $22,500. The Newberrys rejected this offer, and the matter proceeded to trial before a jury. During the trial, the Commissioners made a second offer to confess judgment in the amount of $30,000. The Newberrys rejected this offer as well. Thereafter, the jury rendered a verdict in favor of the Newberrys in the amount of $31,173. This amount included $6,250 for the land taken and $24,817 for damage to the residue of the estate. The trial court subsequently entered final judgment to reflect the jury's verdict. On appeal, the Newberrys contest the amount of compensation awarded to them. They argue that the portion of the verdict reflecting damage to the residue of the estate would have been higher if the trial court had not excluded certain evidence. Specifically, they challenge the exclusion of an expert report and related testimony concerning the fair market value of their land after appropriation.
 {¶ 4} Id. at 2 (internal citations omitted). This court subsequently found that the trial court improperly excluded the disputed evidence and issued the following order: "[W]e hereby sustain the appellant's sole assignment of error. The judgment of the Clark County Court of Common Pleas will be reversed, and this cause remanded for further proceedings consistent with this opinion." Id. at 8.
 {¶ 5} Following this court's remand order, the petitioners filed a motion in limine with the respondent seeking to limit the "further proceedings" to only the evidence which this court found to have been improperly excluded at trial — the expert report concerning property value after appropriation. The respondent denied petitioners' motion, stating that the trial would proceed on all of the issues presented in the original trial. On December 3, 2003, the petitioners filed the instant petition for writ of mandamus, requesting that this court order the respondent to limit the trial to the improperly excluded evidence, and thus, purportedly to adhere to the law of the case doctrine.
 {¶ 6} The issuance of a writ of mandamus is an appropriate remedy "to require lower courts to comply with and not proceed contrary to the mandate of a superior court." State ex rel.Newton v. Court of Claims (1997),73 Ohio St.3d 553, 1995-Ohio-117, 653 N.E.2d 366, 370. However, to be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law. State ex rel. Luna v. Huffman
(1996), 74 Ohio St.3d 486, 487, 659 N.E.2d 1279. Because the petitioner has failed to meet the requirements for the issuance of a writ of mandamus, this court cannot afford him the relief requested.
 {¶ 7} The court is not convinced that the petitioners did not or do not possess a plain and adequate remedy in the ordinary course of law. "One remedy at law is the right of appeal." Stateex rel. Davies v. City of Elyria (1980), 62 Ohio St.2d 443,444, 406 N.E.2d 531. "Mandamus is not a substitute for appeal."State ex rel. Baker v. Schieman (1993),67 Ohio St.3d 443, 444, 1993-Ohio-35, 619 N.E.2d 692. The petitioners had an opportunity to appeal to the Supreme Court of Ohio or request reconsideration from this court following our prior opinion if they believed the mandate was improper or that it did not specifically order a new trial based solely on the previously excluded evidence. Simply because the petitioners chose not take such an avenue does not now entitle them to the extraordinary relief of a writ of mandamus.
 {¶ 8} In State ex rel. Smith v. O'Connor (1995),71 Ohio St.3d 660, 1995-Ohio-40, 646 N.E.2d 1115, the Supreme Court held that a writ of mandamus should not issue where the petitioner possessed an adequate remedy of appeal. In that case, the court of appeals reversed the trial court's order and remanded the case for a new trial. When the trial court decided to hold a trial on all issues — liability, proximate cause, and damages — the petitioner sought a writ of mandamus to limit the trial to damages alone. The Supreme Court held that the petitioner was not entitled to a writ of mandamus, because, inter alia, he "possessed an adequate remedy by discretionary appeal of the appellate court's prior judgment, which reversed the judgment entered in favor of the hospital but failed to order a new trial limited to the damages issue." The Court further stated that "extraordinary writs may not be used as a substitute for an otherwise barred second appeal or to gain successive appellate reviews of the same issue."Id. at 663 (internal citations omitted).
 {¶ 9} Similarly, in the instant case, the petitioners could have appealed or requested reconsideration of this court's order in its previous opinion. Their failure to do so does not now entitle them to relief.
 {¶ 10} Additionally, the petitioners still possess an adequate remedy at law. Should the trial court proceed with a trial on all issues originally raised, rather than on the previously excluded evidence alone, and the judgment is contrary to petitioners, they can appeal to this court at that time and raise therein the question of whether the trial court should have held a more limited trial. "Absent special circumstances or a `dramatic fact pattern,' postjudgment appeal constitutes a complete, beneficial, and speedy remedy which precludes extraordinary relief in mandamus." State ex rel. Sohi v.Williams (1997), 80 Ohio St.3d 492, 493, 1997-Ohio-323,687 N.E.2d 454. The petitioners' apparent assertion that such an appeal would not provide them with the quick relief they desire is of no moment. "The mere assertion by a relator that the appellate process is lengthy and the accelerated nature of mandamus is preferred does not entitle the relator to such an extraordinary writ." State ex rel. Zupancic v. Limbach (1991),58 Ohio St.3d 130, 134, 568 N.E.2d 1206, Indeed, "[t]he length and expense of litigation and attendant delays associated with an appeal are felt by any litigant dissatisfied by an order of the trial court that is not immediately appealable." State ex rel.Hunter v. Patterson (1996), 75 Ohio St.3d 512, 515,1996-Ohio-203, 664 N.E.2d 524, 527. Because the petitioners have failed to demonstrate that they do not possess an adequate remedy at law, they are not entitled to a writ of mandamus.
 {¶ 11} After reviewing the petition, this court's previous holding, and the applicable law, we find mandamus relief unwarrranted. Therefore, the motions of the respondents are granted, the motion of the petitioners is denied, and judgment is hereby rendered in favor of the respondents.
It is so ordered.
Mike Fain, Presiding and Administrative Judge.
William H. Wolff, Jr., Judge.
Thomas J. Grady, Judge.