THE STATE EX REL. TURNER, APPELLANT, *v.* CORRIGAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Turner v. Corrigan,*
142 Ohio St.3d 303, 2015-Ohio-980.]

---

(No. 2013–1811—Submitted August 19, 2014—Decided March 24, 2015.)

**Per Curiam.**

{¶ 1} Appellant, Donald Turner, appeals the judgment of the Eighth District Court of Appeals denying his petition for a writ of mandamus. We affirm.

*Facts*

{¶ 2} Turner was convicted of robbery in October 2006. *State v. Turner*, Cuyahoga C.P. No. CR–453056. The trial court, Judge Brian Corrigan, sentenced him to five years in prison and three years of postrelease control ("Sentencing Order 1").

{¶ 3} On appeal, the Eighth District Court of Appeals vacated Sentencing Order 1 and remanded the cause for resentencing because the trial court had failed to advise Turner about the particulars of postrelease control at the sentencing hearing. 8th Dist. Cuyahoga No. 88958, 2007-Ohio-5732, 2007 WL 3105423, ¶ 54–57.

{¶ 4} On May 29, 2008, Turner appeared before the trial court for resentencing. In open court, the trial judge advised Turner that he would be subject to three years of postrelease control and that a failure to abide by the terms of postrelease control could result in additional prison time. The corresponding entry issued by the trial court did not include the means of conviction or the prison term but instead referred only to the postrelease-control term: "The court amends its sentencing entry to include 3 years of PRC [postrelease control]" ("Sentencing Order 2").

{¶ 5} Turner then appealed from Sentencing Order 2. On October 31, 2008, the court of appeals remanded the case to the trial court for 12 days only, with instructions to clarify Sentencing Order 2. Specifically, the appellate court ordered the trial court to produce a new entry containing all required information, including the means of conviction and the terms of the sentence, in a single document. 8th Dist. Cuyahoga No. 91695 (Oct. 31, 2008).

{¶ 6} On November 12, 2008, the trial court issued Sentencing Order 3 in response to the remand order. One month later, on December 18, 2008, the court of appeals dismissed Turner's appeal for failure to file a transcript of the May 2008 resentencing hearing. 8th Dist. Cuyahoga No. 91695, 2008-Ohio-6648, 2008 WL 5258483. The judgment did not mention Sentencing Order 3. Turner sought discretionary review in this court, but his appeal was not accepted. 121 Ohio St.3d 1476, 2009-Ohio-2045, 905 N.E.2d 655.

## Subsequent procedural history

{¶ 7} Turner alleges that the appellate court mandated a de novo resentencing and that Sentencing Order 3 did not comply with that mandate. He claims that he has still not been validly sentenced and that Judge Corrigan remains under a clear legal duty to resentence him de novo.

{¶ 8} Turner sought relief by filing a petition for a writ of habeas corpus, only to find that nonjurisdictional sentencing errors are not cognizable in habeas corpus. *Turner v. Brunsman*, 123 Ohio St.3d 445, 2009-Ohio-5588, 917 N.E.2d 269, ¶ 1. He then commenced an original action for a writ of mandamus against Judge Corrigan (and other respondents) in this court. *State ex rel. Turner v. Stewart*, case No. 2012–1867. In his third ground for relief in his mandamus action, Turner challenged the validity of the sentencing entries issued after the first remand. We granted the respondents' motions to dismiss, without opinion, on January 23, 2013. 134 Ohio St.3d 1413, 2013-Ohio-158, 981 N.E.2d 881.

{¶ 9} On July 11, 2013, Turner filed a petition for a writ of mandamus in the Eighth District Court of Appeals. Turner sought a writ compelling Judge Corrigan to resentence him de novo, which he claimed was required by the appellate court's decision in his appeal from Sentencing Order 1.

{¶ 10} Judge Corrigan filed a motion for summary judgment in lieu of an answer. On October 22, 2013, the court of appeals granted summary judgment in favor of Judge Corrigan for three reasons: (1) Turner failed to attach an affidavit to his mandamus complaint, as required by Loc.R. 45(B)(1)(a) of the Eighth District Court of Appeals, (2) Turner had an adequate remedy at law, and (3) res judicata applied.

{¶ 11} Turner timely appealed to this court, raising five arguments in four propositions of law, which we now address.

## Legal analysis

### The absence of a Civ.R. 56(C) affidavit (proposition of law No. 1)

{¶ 12} In his first proposition of law, Turner objects to the court of appeals' granting of summary judgment based on exhibits that were not authenticated by affidavit, contrary to Civ.R. 56(C). This argument is not well taken.

{¶ 13} The court required no evidentiary materials to determine that Turner's affidavit was defective or that he had failed to state a claim in mandamus. All that was required was an examination of the complaint itself. Indeed, with respect to the court's ruling that the affidavit was defective, the court made clear that it was not granting summary judgment, but rather was dismissing the petition.

{¶ 14} The first proposition of law has no merit.

## Mootness (proposition of law No. 2)

{¶ 15} In his second proposition of law, Turner asserts that the court of appeals erred in paragraph four of its decision, when it dismissed his complaint as moot. However, the only thing the court of appeals did in paragraph four was acknowledge that Judge Corrigan raised mootness as a defense. The court of appeals never adopted mootness as a basis for dismissing the present case, and therefore, this proposition of law has no merit.

## The affidavit requirement (proposition of law No. 3)

{¶ 16} Turner argues in proposition of law No. 3 that it was error to dismiss his petition for violating Loc.R. 45(B)(1)(a). Although we agree with this proposition of law, it does not alter the outcome of the appeal, as discussed below.

{¶ 17} The Eighth District Court of Appeals' local rule governing original actions provides: "All complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." Loc.R. 45(B)(1)(a). Turner's affidavit incorporated the factual allegations of the complaint by reference and then stated that the allegations were "true and correct to the best of [his] own personal knowledge, information, and belief." The court of appeals dismissed Turner's petition for failure to comply with Loc.R. 45(B)(1)(a).

{¶ 18} The Ohio Constitution permits a court to adopt local rules governing practice in that court, so long as the rule in question is not inconsistent with any rule governing practice or procedure promulgated by the Ohio Supreme Court. Article IV, Section 5(B), Ohio Constitution; *State ex rel. Henneke v. Davis,* 25 Ohio St.3d 23, 24, 494 N.E.2d 1133 (1986). We have previously held that a statute requiring complaints to include affidavits of verification is unenforceable because it conflicts with Civ.R. 11, which states that pleadings "need not be verified or accompanied by affidavit." *See Hiatt v. S. Health Facilities, Inc.,* 68 Ohio St.3d 236, 237–238, 626 N.E.2d 71 (1994) (striking down statute requiring the submission of an affidavit as part of a medical-malpractice complaint); *State ex rel. Madison v. Cotner,* 66 Ohio St.2d 448, 449, 423 N.E.2d 72 (1981) (declining to enforce requirement in R.C. 2731.04 that an application for a writ of mandamus be "verified by affidavit").

{¶ 19} Judge Corrigan argues that the rule articulated in *Madison* should not apply to a local rule, but offers no explanation for why this should be so. Article IV, Section 5(B) makes clear that rules of procedure promulgated by this court supplant conflicting local rules. *See In re Appeal of Little Printing Co.,* 70 Ohio App.2d 182, 184, 435 N.E.2d 687 (10th Dist.1980) (holding that Civ.R. 41(B)(1),

which requires notice before an involuntary dismissal, trumps local rule permitting dismissals without notice).

{¶ 20} Judge Corrigan correctly notes that this court has affirmed the dismissal of a mandamus petition for violating this exact requirement of Loc.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1. However, the relator in *Leon* argued that because he was a pro se litigant, he did not have to comply with the local rule; he did not challenge the enforceability of the rule, and so we were not called upon to address the issue.

{¶ 21} Based on this analysis, Turner's third proposition of law has merit.

Adequate remedy at law and res judicata (proposition of law No. 4)

{¶ 22} In its decision, the court of appeals held, "Turner had an adequate remedy at law through a direct appeal, and he has already unsuccessfully sought to obtain the same relief through his petition for a writ of mandamus that has been dismissed by the Ohio Supreme Court." 8th Dist. Cuyahoga No. 100102, 2013-Ohio-4717, 2013 WL 5775393, ¶ 8. In proposition of law No. 4, Turner challenges both conclusions. The first issue is dispositive of this appeal.

{¶ 23} The court of appeals offered no explanation for its conclusion that Turner had an adequate remedy at law by way of direct appeal. Judge Corrigan contends that Turner had an adequate opportunity to appeal the May 30, 2008 sentencing order ("Sentencing Order 2"), and in fact did pursue that appeal until the appeal was dismissed for failure to file a transcript.

{¶ 24} The issue of the sufficiency of Sentencing Order 2 became moot when, on remand, the trial court issued Sentencing Order 3. The court of appeals made Sentencing Order 3 a part of the appellate record in this case. 2013-Ohio-4717, 2013 WL 5775393, ¶ 3. Judge Corrigan says nothing about whether Turner had an adequate remedy at law to challenge Sentencing Order 3.

{¶ 25} Turner arguably had no realistic opportunity to raise arguments in the court of appeals regarding Sentencing Order 3. The court of appeals issued its dismissal entry soon after jurisdiction returned to that court, without affording the parties an opportunity to file supplemental briefs, and its decision did not discuss the effect of Sentencing Order 3. But Turner still had the option of making Sentencing Order 3 part of his discretionary appeal to this court, and he chose not to do so. *See* Turner's memorandum in support of jurisdiction filed in Supreme Court case No. 2009–0329, on February 12, 2009.

{¶ 26} A discretionary appeal to this court qualifies as an adequate remedy at law, which will preclude an extraordinary writ, even if this court declines to hear the case. *State ex rel. Smith v. O'Connor,* 71 Ohio St.3d 660, 663, 646 N.E.2d

1115 (1995). Therefore, the court of appeals correctly declined to issue a writ of mandamus on the grounds that Turner had an adequate remedy at law.

### Conclusion

{¶ 27} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Donald Turner, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.