[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Russell v. Klatt*, Slip Opinion No. 2020-Ohio-875.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-875

THE STATE EX REL. RUSSELL, APPELLANT, *v.* KLATT, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Russell v. Klatt*, Slip Opinion No. 2020-Ohio-875.]

*Mandamus—Mandamus may not be used to compel a court to order itself to act— Relator challenging factual inaccuracies in court of appeals' decision had adequate remedy at law by way of motion for reconsideration or appeal to higher court—Court of appeals' judgment dismissing petition affirmed.*

(No. 2019-1194—Submitted January 7, 2020—Decided March 12, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 19AP-264.

_____

**Per Curiam.**

{¶ 1} Appellant, Mark R. Russell, appeals the judgment of the Tenth District Court of Appeals dismissing his petition for a writ of mandamus to compel appellees, Tenth District Court of Appeals Judge William A. Klatt and the Tenth

District Court of Appeals, to correct alleged factual errors in a 2004 decision. For the reasons below, we affirm the Tenth District's judgment.

## I. BACKGROUND

{¶ 2} In 2003, Russell was convicted of murder with a firearm specification and sentenced to an aggregate prison term of 18 years to life. In 2004, the Tenth District affirmed Russell's convictions and sentence, 10th Dist. Franklin No. 03AP-666, 2004-Ohio-2501, and this court denied review, 103 Ohio St.3d 1464, 2004-Ohio-5056, 815 N.E.2d 679.

{¶ 3} In April 2019, Russell filed a petition for a writ of mandamus in the Tenth District, seeking to compel Judge Klatt and the Tenth District to correct "untruthful factual findings" in the 2004 decision and requesting a declaration that those findings are "void/inaccurate."[1] Russell attached to his petition documents that allegedly established these inaccuracies.

{¶ 4} Judge Klatt and the Tenth District filed a motion to dismiss, which Russell opposed. The court of appeals granted the motion, holding that Russell was not entitled to mandamus relief because he had an adequate remedy in the ordinary course of the law.

{¶ 5} Russell appealed, asserting two related propositions of law. He argues that the Tenth District erred by dismissing his mandamus petition because the appellees' failure to correct the alleged inaccuracies in the 2004 decision violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## II. ANALYSIS

{¶ 6} We review the dismissal of a mandamus complaint under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10. Dismissal is appropriate only if it "appear[s] beyond

---

1. Because Russell named Judge Klatt and the Tenth District as respondents in his action, three visiting judges were assigned to hear the case.

doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.

{¶ 7} A writ of mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty." R.C. 2731.01. To be entitled to mandamus relief, Russell must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

{¶ 8} The Tenth District properly dismissed Russell's petition because the relief he seeks is not available in mandamus. A writ of mandamus commands "an *inferior* tribunal, a corporation, board, or person" to perform an act. (Emphasis added.) R.C. 2731.01. Russell's complaint asks the Tenth District to issue a writ compelling *itself* to correct alleged inaccuracies in a 2004 decision. Mandamus will not lie to compel an entity to order itself to act.

{¶ 9} Moreover, even if Russell had sought a writ against an inferior tribunal, he still would not be entitled to relief in mandamus because he had an adequate remedy at law. Russell could have raised his claims about factual inaccuracies by filing a motion asking the Tenth District to reconsider its decision in 2004. His failure to "take such an avenue does not now entitle [him] to the extraordinary relief of a writ of mandamus." *State ex rel. Newberry v. O'Neill*, 2d Dist. Clark No. 2003 CA 84, 2004-Ohio-4686, ¶ 7. Alternatively, Russell could have included a claim about the alleged factual inaccuracies when he appealed the Tenth District's 2004 decision to this court. "A discretionary appeal to this court

qualifies as an adequate remedy at law, which will preclude an extraordinary writ, even if this court declines to hear the case." *State ex rel. Turner v. Corrigan*, 142 Ohio St.3d 303, 2015-Ohio-980, 29 N.E.3d 962, ¶ 26.

{¶ 10} Russell argues that even if his claims could have been raised in a motion for reconsideration or on direct appeal to this court, he should not be faulted for the fact that his court-appointed counsel failed to do so. But Russell could have filed an App.R. 26(B) application to reopen his direct appeal and argued that his counsel was ineffective for failing to correct the alleged factual inaccuracies. This, too, is an adequate remedy at law by which Russell could have challenged the alleged inaccuracies. *See Perry v. Sloan*, 149 Ohio St.3d 690, 2017-Ohio-1404, 77 N.E.3d 942, ¶ 4.

{¶ 11} For these reasons, the court of appeals properly dismissed Russell's complaint for failure to state a claim in mandamus. Therefore, it is unnecessary for the court to analyze the merits of Russell's constitutional claims.

### III. CONCLUSION

{¶ 12} For these reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Mark R. Russell, pro se.

Dave Yost, Attorney General, and Jeffrey J. Boucher and Brandi Laser Seskes, Assistant Attorneys General, for appellees.

_____