[Cite as *State ex rel. Devore v. Ohio Adult Parole Auth.*, 2024-Ohio-5923.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Adam M. Devore, | : | |
| Relator, | : | No. 23AP-493 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on December 19, 2024

**On brief:** *Adam M. Devore*, pro se.

**On brief:** *Dave Yost*, Attorney General, *George Horvath*, and *John H. Bates*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

JAMISON, J.

{¶ 1} Relator, Adam M. Devore, initiated this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("APA"), to remove the electronic monitor from his leg and vacate the sanction imposed for Devore not being in contempt of the order of the Ashland County Court of Common Pleas.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. We "may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b); Loc.R. 13(M)(1). The magistrate determined that Devore's request to remove electronic monitoring is moot, that due process protections are not triggered by the APA's actions, and that no hearing was necessary because there was no residential sanction imposed. Because Devore has failed to show a right to mandamus relief or that APA had a duty to provide any relief, the magistrate has recommended that we deny Devore's request for a writ of mandamus.

{¶ 3} Pursuant to Civ.R. 53, Smith filed objections to the magistrate's decision. Devore generally argues that the magistrate misinterpreted the evidence in finding that he had to report to the halfway house without a hearing. The objections are lodged inside Devore's assignments of error.

{¶ 4} Mandamus is an extraordinary remedy, to be issued with great caution and discretion and only when the way is clear. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165 (1977). The purpose of mandamus is to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. *Id.* A writ of mandamus may be used to assert a due process violation when the evidence does not support revoking parole. *State ex rel. Braddy v. Hoying*, 10th Dist. No. 23AP-197, 2023-Ohio-2597.

{¶ 5} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The relator must demonstrate all three elements for this court to grant the writ of mandamus. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659.

{¶ 6} Granting a writ of mandamus is not a decision to be made lightly. Mandamus is regarded as an "extraordinary remedy," warranting careful and judicious consideration by the court. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶ 18; *Taylor*, supra. The burden is on the relator to establish their right to this writ through clear and convincing evidence. *Manley* at ¶ 18.

{¶ 7} On the morning of July 7, 2023, Devore was released from prison, and was ordered to contact his parole officer by phone that day between the hours of 8:00 a.m. and 12:00 p.m., and to report to the Mansfield Volunteers of America ("VOA") immediately after his release from prison. Devore did not report to the Mansfield VOA immediately after his July 7, 2023 release, and was apprehended by law enforcement in Ashland, Ohio that afternoon. Devore averred he called the parole office, but admitted he did not report as ordered.

{¶ 8} The APA detained Devore, and on July 11, 2023, issued Devore a non-residential sanction including 90 days of electronic monitoring and no contact with the victim. Devore successfully completed the term of electronic monitoring on October 10, 2023. We agree with

the magistrate's decision that the issue is moot. An action becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (Further quotation and citation omitted.) *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10.

{¶ 9} However, while not mentioned in his complaint, Devore avers in his reply brief that certain information obtained from the electronic monitoring device must be deleted and destroyed.

{¶ 10} Devore is not entitled to this relief because he did not timely amend his complaint to include a request for it. *State ex rel. Repository v. Nova Behavioral Health, Inc.*, 112 Ohio St.2d 338, 2006-Ohio-6713 (court need not address merits of a claim that was not raised in the complaint or sought to be raised in an amended complaint).

{¶ 11} We held that claims not set out in a complaint are precluded from being raised in a reply brief. *State ex rel. Bellamy v. Pinkerton, Inc.*, 10th Dist. No. 05AP-1308, 2006-Ohio-5870, ¶ 4 (magistrate did not err in addressing only the issues raised in the complaint and merit brief as opposed to new issues raised in a reply brief); *see also State ex rel. Durbin v. Indus. Comm.*, 10th Dist. No. 10AP-712, 2012-Ohio-664 (a party cannot raise new claims in its objections to the magistrate's decision when those claims were not present in the complaint).

{¶ 12} A reply brief is not the vehicle to advance new arguments omitted from appellant's original brief or complaint. *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742. Here, because Devore raised new claims for the first time in his reply brief, we refuse to address those claims. *Calex Corp. v. United Steelworkers of Am.*, 137 Ohio App.3d 74, 80 (7th Dist.2000).

{¶ 13} Devore argues as his first assignment of error that the failure to report violation is not supported by the evidence. As a result, the revocation and accompanying sanctions must be vacated.

{¶ 14} "The revocation of parole implicates a liberty interest and is, therefore, subject to certain procedural protections." *State ex rel. Barber v. Hoying*, 10th Dist. No. 23AP-71, 2023-Ohio-2204, ¶ 11. The United States Supreme Court outlined certain minimum due process requirements for parole revocation proceedings. *Morrisey v. Brewer*, 408 U.S. 471 (1972). The Ohio Constitution precludes the deprivation of "life, liberty, or property, without due process of law." (Further quotation and citation omitted.) *State v. Hill*, 10th Dist. No.

10AP-177, 2010-Ohio-6121 ¶ 39. The Ohio Department of Rehabilitation and Correction's regulations guarantee certain due process protections to persons facing administrative prison time as the result of an alleged post-release control violation. *See* Ohio Adm.Code 5120:1-1-18(A)(5).

{¶ 15} A due process protection requires a post-release control violation that revoked parole must be based on sufficient evidence. There must be a preponderance of the evidence that shows the releasee violated a post-release control sanction or a condition of release if his release is revoked. Ohio Adm.Code 5120:1-1-18(A)(3), *see State ex rel. Mango v. Ohio Dept. of Rehab & Corr.*, 169 Ohio St.3d 32, 2022-Ohio-1559.

{¶ 16} However, if the post-release control proceedings do not contain a threat of detention or other similar loss of liberty, the due process protections are not as robust. *State v. Alexander*, 4th Dist. No. 21CA1144, 2022-Ohio-1812. The record shows that Devore was assessed a non-residential sanction, and he was not subject to an additional term of incarceration. Devore cannot identify any case law that mandates the use of substantial evidence in a post-release control proceeding that does not result in a deprivation of liberty.

{¶ 17} Alternatively, even if the evidence was considered by the trial court, Devore's quest for mandamus fails. The release order clearly requires Devore to report to the Mansfield VOA immediately after he was released from prison. Devore admits he went to Ashland, Ohio instead of the VOA, and continued to assert that he had the entire day to report. Because his actions don't comport with the release order, Devore cannot show a clear legal right to his requested relief.

{¶ 18} Devore's first assignment of error is overruled.

{¶ 19} Devore next contends that the APA lacked authority to disregard the trial court sentence and place him at the Mansfield VOA.

{¶ 20} Devore is wrapped around the language in his sentencing entry that states his county of residence for post-release control purposes is Ashland County. Devore was sentenced to a three-year term of post-release control, commencing upon his release from prison. The APA has the power to place a released inmate in a licensed halfway house during the term of post-release control. R.C. 2967.14. Thus, "it is the adult parole authority that determines whether post-release control is appropriate, not the trial court." *State v. Warbington*, 129 Ohio App.3d 568, 571 (10th Dist.1998). Devore does not challenge the imposition of post-release control.

{¶ 21} We note that while the trial court may place an offender in a designated halfway house pursuant to R.C. 2967.14(A), it did not in this matter. *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567 (10th Dist.1991).

{¶ 22} Devore has not presented anything to suggest that the mention of a county of residence in a sentencing entry has any bearing on his placement in a halfway house. Devore's second assignment of error is overruled.

{¶ 23} In his third assignment of error, Devore argues that the APA cannot impose a residential sanction without any violative behavior or a hearing. As stated above, Devore was placed in a halfway house as a condition of post-release control, not as a residential sanction.

{¶ 24} Devore committed violative behavior by not reporting as ordered to the Mansfield VOA and received a non-residential sanction including electronic monitoring. Because he did not receive a residential sanction, a hearing was not required. R.C. 2967.28(D)(1); Ohio Adm.Code 5120:1-1-17(D).

{¶ 25} Devore's third assignment of error is overruled.

{¶ 26} On examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and consideration of relator's objections, we find the magistrate properly determined the facts and appropriately applied the law. Accordingly, we overrule relator's objections and adopt the magistrate's decision as our own. In accordance with the magistrate's recommendation, we deny the requested writ of mandamus.

*Objections overruled;*
*writ of mandamus denied.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.

# APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Adam M. Devore, | : | |
| Relator, | : | |
| v. | : | No. 23AP-493 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

---

### MAGISTRATE'S DECISION

Rendered on May 24, 2024

---

*Adam M. Devore*, pro se.

*Dave Yost*, Attorney General, *George Horvath*, and *John Bates*, for respondent.

---

### IN MANDAMUS

{¶ 27} Relator Adam M. Devore seeks a writ of mandamus ordering respondent Ohio Adult Parole Authority ("APA") to remove the electronic monitor from relator's leg and vacate the sanction imposed for relator's postrelease control violation.

## I. Findings of Fact

{¶ 28} 1. At the time of the filing of this action, relator was a former inmate who had been released on postrelease control.

{¶ 29} 2. APA is an administrative section of the Division of Parole and Community Services, which in turn is a division of the Ohio Department of Rehabilitation and Correction. *See* R.C. 5149.02.

{¶ 30} 3. In 2018, a judgment entry reflecting relator's conviction was filed in the Ashland County Court of Common Pleas. As reflected in the judgment entry, relator was found guilty pursuant to a jury verdict of one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and one count of domestic violence in violation of R.C. 2919.25(A), also a felony of the third degree. Relator was sentenced to an aggregate prison term of 72 months and notified that upon the completion of his term of imprisonment, he would be subject to mandatory postrelease control for a period of three years. Relator was advised in the entry that if he violated the terms of postrelease control, APA may impose a more restrictive sanction. The entry provided that "[f]or purposes of post-release control, the Court FINDS that [relator's] county of residence is Ashland County, Ohio." (Relator's Compl., Ex. A at 5.)

{¶ 31} 4. In a postrelease control reporting order dated April 19, 2023, relator was informed as to the conditions of his postrelease control following the completion of his prison term, which was scheduled to expire on July 7, 2023. In the order, relator was directed as follows: "Immediately following your release from prison, you are to reside at the following address: * * * Mansfield VOA." (APA's Evidence, Aff. of J. Gregory Glasgow at 1.) Relator was additionally directed to report to his parole officer by telephone within 24 hours of the expiration of his prison term. The order reflected relator refused to sign the document and that a copy of the order was to be delivered to relator.

{¶ 32} 5. Relator was released from incarceration on July 7, 2023.

{¶ 33} 6. In a sanction receipt dated July 11, 2023,[1] relator was found to have committed a postrelease control violation on July 7, 2023 by failing to report to the Mansfield VOA as ordered. As a result of the violation, APA imposed the following sanctions on relator: (1) complete 90 days of electronic monitoring through the Mansfield VOA, including complying with all terms and conditions of electronic monitoring; (2) contact parole officer immediately upon release from custody; and (3) no contact with certain individuals.

{¶ 34} 7. Relator's electronic monitoring was activated on July 12, 2023.

{¶ 35} 8. Relator commenced this mandamus action by filing his complaint on August 15, 2023. Relator requested the following specific relief in his complaint: "That a writ of

---

[1] The sanction receipt erroneously indicates that the sanction was imposed on July 11, 2026. The document reflects that relator refused to sign the sanction receipt on July 11, 2023. From this, the magistrate finds the sanction receipt was issued on July 11, 2023.

mandamus issue to the respondent directing them to remove the electronic monitor from relator's leg and vacate the sanction imposed for relator not being in contempt of the order of the Ashland County Court of Common Pleas." (Compl. at 4.)

{¶ 36} 9. On October 10, 2023, relator's electronic monitoring was deactivated. Relator was found to have successfully completed the electronic monitoring.

{¶ 37} 10. On October 25, 2023, a magistrate's order was issued requiring the parties to file two copies of the stipulated or certified evidence. The order specifically advised the parties to note Tenth District Local Rule 13(G), quoting the following portion of that rule: "Two (2) copies of the stipulated evidence, or of each parties' evidence in the event that a stipulation cannot be agreed upon, shall be filed with clerk of this court." (Oct. 25, 2023 Mag.'s Order at 1.)

{¶ 38} 11. On November 28, 2023, relator filed a document with the following caption: "Relator's Notice of No Stipulated Evidence," in which relator stated that "there is no stipulated evidence in this case." (Relator's Nov. 28, 2023 Filing at 1.) Relator further stated that "[a]ll the relator's evidence was filed as part of the complaint." (Relator's Nov. 28, 2023 Filing at 1.)

{¶ 39} 12. On December 8, 2023, APA filed its presentation of evidence, which included the affidavit of J. Gregory Glasgow and several attached exhibits.

## II. Discussion and Conclusions of Law

{¶ 40} Relator seeks a writ from this court ordering APA to vacate his postrelease control sanction and to remove relator's electronic monitoring device.

## A. Mandamus

{¶ 41} A writ of mandamus is an extraordinary remedy " 'issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty.' " *State ex rel. Russell v. Klatt*, 159 Ohio St.3d 357, 2020-Ohio-875, ¶ 7, quoting R.C. 2731.01. *See State ex rel. Blachere v. Tyack*, 10th Dist. No. 22AP-478, 2023-Ohio-781, ¶ 13 (stating that the purpose of mandamus is to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station). In order for a writ of mandamus to issue, a relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondents to provide it, and (3) the lack of an adequate remedy in the ordinary

course of the law. *State ex rel. Gil-Llamas v. Hardin*, 164 Ohio St.3d 364, 2021-Ohio-1508, ¶ 19. " 'Clear and convincing evidence' is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established." *State ex rel. Ware v. Crawford*, 167 Ohio St.3d 453, 2022-Ohio-295, ¶ 14, citing *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.

**B. Analysis**

{¶ 42} First, the parties agree that relator's request for an order directing APA to remove relator's electronic monitoring is moot because the monitoring was terminated following relator's successful completion of the monitoring period. In his reply brief, relator states that he "agrees that the physical removal of the electronic monitoring device is moot." (Relator's Reply Brief at 7.) Thus, the magistrate finds relator's request for an order directing APA to remove his electronic monitoring to be moot. *See The Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. No. 07AP-867, 2008-Ohio-4684, ¶ 35 ("An action may be rendered moot when the litigant receives the relief sought before completion of the lawsuit.").

{¶ 43} However, relator further states that "the alleged violation and recorded sanctions must still be vacated from official records, and any tracking information obtained or stored from the device and entered into any database or portable data storage device must be vacated by deletion or destruction." (Relator's Reply Brief at 7-8.) Relator's argument in his reply brief regarding the deletion or destruction of information allegedly collected from the electronic monitoring device is not cognizable in this mandamus action. Relator failed to seek relief on this basis in his complaint. *See State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 20 (finding relator not entitled to relief in mandamus where the requested relief was not sought in the complaint and the relator "did not timely amend its complaint to include a request for it"). Moreover, relator alleges no clear legal right to the deletion or destruction of any such information or duty on the part of APA to provide such relief. As such, relator has not established entitlement to relief on mandamus with regard to

the deletion or destruction of information allegedly collected from the electronic monitoring device.[2]

{¶ 44} Next, relator challenges the sufficiency of the evidence for his postrelease control sanction. Before considering the merits of relator's challenge, it is necessary to consider whether this challenge is cognizable in a mandamus action. Postrelease control violation proceedings that result in the revocation of release and imposition of a term of imprisonment implicate a constitutionally-protected liberty interest. *See State ex rel. Barber v. Hoying*, 10th Dist. No. 23AP-71, 2023-Ohio-2204, ¶ 11. *See also Morrissey v. Brewer*, 408 U.S. 471, 484 (1972); *State ex rel. Mango v. Ohio Dept. of Rehab. & Corr.*, 169 Ohio St.3d 32, 2022-Ohio-1559, ¶ 18 ("While the United States Supreme Court has not held specifically that due process requires sufficient evidence to support the revocation of parole, probation, or other types of postrelease supervision, it has suggested as much."). Because of this constitutionally-protected liberty interest, certain procedural protections are necessary in postrelease control violation proceedings in order to comport with due process. *See Barber* at ¶ 12. *See also Morrissey* at 481 (stating that "due process is flexible and calls for such procedural protections as the particular situation demands").

{¶ 45} Among required due process protections, a postrelease control violation finding that results in the revocation of release must be based on sufficient evidence. *See Barber* at ¶ 27; *State ex rel. Braddy v. Hoying*, 10th Dist. No. 23AP-197, 2023-Ohio-2597, ¶ 20. A decision finding that a releasee has violated the terms of postrelease control is supported by sufficient evidence where there exists "substantial evidence" to support the decision. *Mango* at ¶ 18. Substantial evidence exists where "the evidence presented by the APA, if believed, is sufficient to satisfy the burden of proof." *Id.* At release revocation proceedings for a postrelease control violation, a violation must be established by the preponderance of the evidence. *Braddy* at ¶ 21; Ohio Adm.Code 5120:1-1-18(A)(3). Thus, there exists substantial evidence—and, therefore, sufficient evidence—to support a finding of a postrelease control violation resulting in the revocation of release where the evidence presented by the APA, if believed, demonstrates the violation by a preponderance of the evidence. *Id.*

---

[2] Insofar as this request for relief could be tied to relator's claim for an order vacating the sanction, such claim is without merit for the reasons stated in the remainder of this decision.

{¶ 46} Here, relator does not allege or establish that his release was revoked or that he was subject to a term of imprisonment or similar restriction on his liberty as a result of the postrelease control sanction imposed by APA. Nor does relator demonstrate that a similar liberty interest is implicated by these circumstances. Thus, relator does not establish that the same guarantees of due process in release revocation proceedings also apply in postrelease control proceedings that do not result in or have the potential to cause reinstatement of incarceration or a similar restriction on the liberty of an individual subject to postrelease control. Relator also does not demonstrate that a statute or administrative code provision creates a clear legal duty requiring a postrelease control sanction to be based on sufficient evidence where such sanction does not result in the revocation of release or a similar restriction on an individual's liberty. Because the due process concerns implicated by the revocation of release identified in *Barber* are not present in this matter, the magistrate finds relator's challenge to the sufficiency of the evidence for his postrelease sanction is not cognizable in mandamus. Stated another way, relator cannot show a clear legal right to the requested relief or a clear legal duty on the part of APA to provide it. *See State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 3 (1992) (stating that "[a] court in a mandamus proceeding cannot create the legal duty the relator would enforce through it").

{¶ 47} Nevertheless, even if this court were to consider relator's sufficiency of the evidence challenge to his sanction, such challenge would fail to satisfy the requirements of mandamus. The postrelease control reporting order stated that relator was required to "[r]eport **immediately** to Mansfield VOA **upon release** from Prison." (Emphasis added.) (APA's Evidence, Aff. of J. Gregory Glasgow, Ex. 1.) Relator does not dispute that he did not immediately report to Mansfield VOA upon his release from prison. Rather, the evidence reflects that relator was arrested by the Ashland Police Department in Ashland, Ohio. Thus, even if relator's sufficiency challenge was considered, relator cannot demonstrate a clear legal right to the requested relief.

{¶ 48} Next, to the extent that relator's mandamus action could be considered a challenge to his placement in a halfway house by APA, such challenge also fails. R.C. Chapter 2967 governs pardons, parole, and probation. R.C. 2967.14, which sets forth provisions and requirements applicable to halfway houses and community residential centers, provides in pertinent part as follows:

> The department of rehabilitation and correction or the adult parole authority may require or allow a parolee, a releasee, or a prisoner otherwise released from a state correctional institution to reside in a halfway house or other suitable community residential center that has been licensed by the division of parole and community services pursuant to division (C) of this section during a part or for the entire period of the offender's or parolee's conditional release or of the releasee's term of post-release control.

R.C. 2967.14(A).

{¶ 49} Relator argues R.C. 2967.14 is inapplicable because the trial court made a specific finding regarding relator's county of residence for purposes of postrelease control.[3] Indeed, the trial court found in the sentencing entry that "[f]or purposes of post-release control, the Court FINDS that [relator's] county of residence is Ashland County, Ohio." (Relator's Compl., Ex. A at 5.) However, nothing about this language required APA to place relator in a halfway house in Ashland County. It is clear that the trial court possesses authority to impose a community residential sanction, including a term in a halfway house, as part of its sentence under certain specified circumstances. *See* R.C. 2929.16(A)(4). However, the trial court did not make a specific order regarding halfway house placement in its sentencing entry. Nor does the statutory language authorizing APA to require a releasee to reside in a halfway house mandate that this placement occur within the county designated by the sentencing court as the county for purposes of postrelease control. Relator thus fails to establish a clear legal duty on the part of APA to have placed him in a halfway house in Ashland County.

{¶ 50} Finally, relator argues that under Ohio Adm.Code 5120:1-1-17(D), any residential sanction requires a hearing. Ohio Adm.Code 5120:1-1-17(D) provides in pertinent part as follows:

> The following sanctions may be imposed for violations of post-release control sanctions or a condition of supervision only by a parole board member or hearing officer at a hearing:
>
> * * *
>
> (2) A prison term sanction not to exceed nine months when post-release control is the only form of supervision for which the

---

[3] Relator also argues that APA's "argument relying upon R.C. 2967.14(A) is forfeited where the statute was not expressly relied upon or cited in either the reporting order or administrative decisions." (Relator's Reply Brief at 7.) Nothing requires APA to specifically assert its statutory authority before exercising it. APA raised its arguments regarding R.C. 2967.14(A) in this matter at the appropriate time in its brief. Thus, APA did not forfeit those arguments.

> offender is being supervised. * * * A parole board member or hearing officer imposing a sanction of confinement under this paragraph may require that the sanction be served in a state correctional institution, local jail, community-based correctional facility, or other locked facility approved by the division of parole and community services.

Ohio Adm.Code 5120:1-1-17(D). Relator, however, was not sanctioned with a prison term upon his release from incarceration. He was required to report to a halfway house. Relator does not allege that this was a locked facility as described in Ohio Adm.Code 5120:1-1-17(D). As a result, this section of the Ohio Administrative Code is not relevant to relator's postrelease control placement at Mansfield VOA or sanction for failing to report to the halfway house.

## C. Conclusion

{¶ 51} Based on the foregoing, the magistrate finds relator has failed to establish a clear legal right to the requested relief or that APA was under a clear legal duty to provide such relief. Accordingly, it is the decision and the recommendation of the magistrate that relator's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
 JOSEPH E. WENGER IV

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.