[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. DeVore v. Adult Parole Auth.*, Slip Opinion No. 2025-Ohio-4795.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4795

THE STATE EX REL. DEVORE, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. DeVore v. Adult Parole Auth.*, Slip Opinion No. 2025-Ohio-4795.]**

*Mandamus—GPS ankle monitor that appellant sought to compel removal of has been removed—Court of appeals' denial of complaint as moot affirmed.*

(No. 2025-0128—Submitted June 24, 2025—Decided October 22, 2025.)

APPEAL from the Court of Appeals for Franklin County,

No. 23AP-493, 2024-Ohio-5923.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} As a result of violating the terms of his postrelease control, appellant, Adam M. DeVore, was ordered to wear a GPS ankle monitor for 90 days. He asked the Tenth District Court of Appeals to issue a writ of mandamus ordering appellee, the Ohio Adult Parole Authority ("APA"), to remove the monitor. After the APA pointed out that the monitor had already been removed, the Tenth District denied DeVore's complaint as moot. DeVore has appealed and requested oral argument. For the reasons explained below, we deny DeVore's motion for oral argument and affirm the Tenth District's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2018, DeVore was sentenced to six years' imprisonment after being convicted on one count of abduction under R.C. 2905.02(A)(2) and one count of domestic violence under R.C. 2919.25(A)—both third-degree felonies. His sentence also included three years of postrelease control.

{¶ 3} DeVore was released from prison on July 7, 2023. As a condition of his postrelease control, he was required to reside at a halfway house in Mansfield. He was ordered to report there immediately upon his release from prison on the morning of July 7. Instead, he returned to his prior residence in Ashland, where he was apprehended that afternoon.

{¶ 4} The APA found DeVore's failure to report to be a violation of his postrelease-control order, and it sanctioned him by ordering him to wear a GPS ankle monitor for 90 days. On August 15, 2023, after an administrative grievance he had filed was denied, DeVore filed a complaint in the Tenth District, requesting a writ of mandamus ordering the APA to remove the ankle monitor and vacate the sanction. The APA filed an answer on September 14. Once DeVore's period of GPS monitoring ended on October 10, the ankle monitor was removed. The APA asserts, and DeVore does not deny, that his term of postrelease control ended on July 8, 2024.

**{¶ 5}** On December 19, 2024, the Tenth District adopted a magistrate's recommendation that DeVore's request for a writ be denied as moot. 2024-Ohio-5923, ¶ 8, 42 (10th Dist.). In addition, the court refused to consider DeVore's argument that the writ should issue to order the APA to delete all information retained by the ankle monitor, on the basis that he did not raise the argument until his reply brief. *Id.* at ¶ 9-12.

**{¶ 6}** DeVore has appealed and moved for oral argument. The APA opposes the motion.

## II. ANALYSIS

### A. Oral argument is not necessary to decide this case

**{¶ 7}** In an appeal in an action that originated in a court of appeals, we have discretion to grant oral argument under S.Ct.Prac.R. 17.02(A). In exercising that discretion, "we will consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Sponaugle v. Hein*, 2018-Ohio-3155, ¶ 31. DeVore asserts that his appeal "involves issues of great public or general interest, exceptions to the separation of powers doctrine" and matters of first impression, including "alleged mootness by appellee." In response, the APA asserts that the case deals with DeVore's own interactions with the APA, not matters of general interest.

**{¶ 8}** We see nothing complex or difficult about this case. In his briefs, DeVore presents arguments challenging the residential condition that led to his postrelease control sanction as well as the constitutionality of the statutory scheme that grants the APA the power to regulate his term of postrelease control, but in his complaint, DeVore requested as a remedy little more than a writ of mandamus ordering the removal of an ankle monitor. The parties' briefs are enough to decide this appeal. We therefore deny DeVore's motion for oral argument.

**B. The mandamus complaint is moot**

{¶ 9} A writ of mandamus is an extraordinary remedy, and the petitioner must prove entitlement to it by clear and convincing evidence. *State ex rel. Manley v. Walsh*, 2014-Ohio-4563, ¶ 18. For a writ of mandamus to issue here, DeVore must prove that (1) he has a clear legal right to the requested relief, (2) the APA has a clear legal duty to provide that relief, and (3) there is no adequate remedy available in the ordinary course of law. *Id.* "A writ of mandamus will not issue to compel an act already performed." *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 1996-Ohio-117, ¶ 3.

{¶ 10} DeVore requested a writ of mandamus ordering two things. First, he asked for an order directing the removal of an ankle monitor. Once the monitor had been removed from his leg, DeVore's request that the APA be compelled to remove it had become a request for an order that would "compel an act already performed," *id.* DeVore agrees that this part of his complaint is moot, as the Tenth District correctly found. *See* 2024-Ohio-5923 at ¶ 8 (10th Dist.).

{¶ 11} Second, DeVore requests that the APA be ordered to "vacate the sanction imposed for [his] not being in contempt of the order of the Ashland County Court of Common Pleas." He did not explain in either his complaint or the merit brief he filed in the Tenth District how vacating the sanction would serve as relief in addition to removal of the ankle monitor.[1] To the extent that an order directing that the sanction be vacated would amount to an order directing removal of the monitor, this request is also moot.

---

1. In the reply brief he filed in the Tenth District, DeVore asserted that vacating the sanction would compel the APA to delete all information garnered by the monitor. He did not make this request explicit in his complaint. Plus, the APA's taking action to delete information would be more than merely vacating the sanction, which is all he asked for in his complaint. Therefore, as this argument was first raised in his reply brief and goes beyond the relief requested in his complaint, the Tenth District was right to refuse to consider the argument, *see* 2024-Ohio-5923 at ¶ 9-12. *Am. Fiber Sys., Inc. v. Levin*, 2010-Ohio-1468, ¶ 21.

### III. CONCLUSION

{¶ 12} DeVore wants this court to order the APA to remove his GPS ankle monitor. But the monitor has already been removed, and a writ of mandamus will not be issued to require an action that has already been performed. Therefore, we affirm the judgment of the Tenth District Court of Appeals denying DeVore's complaint as moot. We also deny DeVore's motion for oral argument.

Judgment affirmed.

_____

Adam M. DeVore, pro se.

Dave Yost, Attorney General, and George Horváth and John Bates, Assistant Attorneys General, for appellee.

_____